UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                   :
            -against-              :     **MEMORANDUM AND ORDER**
                                   :     23-cr-334 (DLI)
DAVID URREGO ARTEAGA,              :
                                   :
                      Defendant.   :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Defendant David Urrego Arteaga ("Defendant") is charged by indictment with conspiracy to import methamphetamine and 4-Bromo-2,5-DMA in violation of 21 U.S.C. § 952(a) and § 960(a)(1); importation of methamphetamine and 4-Bromo-2,5-DMA in violation of 21 U.S.C. § 952(a), § 960(a)(1), and § 960(b)(3); and possession of methamphetamine and 4-Bromo-2,5-DMA with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). *See*, Superseding Indictment, Dkt. Entry No. 26.

Defendant moves to suppress evidence obtained from the search of a backpack (the "Backpack") and cell phone (the "Cell Phone") in his possession when he entered the United States at John F. Kennedy International Airport. *See*, Def.'s Mot. to Suppress ("Mot."), Dkt. Entry No. 33. The Government opposed. *See*, Gov't.'s Opp'n ("Opp'n"), Dkt. Entry No. 35. The Government also filed the documents it had relied upon in its opposition and had provided to Defendant in discovery, including a Homeland Security Investigations ("HSI") report (the "HSI Report") and an affidavit submitted by HSI Special Agent Kelsey O'Donnell in support of a search warrant for the Cell Phone (the "Warrant Aff."). *See*, Warrant Aff., Dkt. Entry No. 37-1; HSI Report, Dkt. Entry No. 39-1. Defendant did not file a reply or request an extension of the deadline to do so. For the reasons set forth below, Defendant's motion to suppress is denied in its entirety.

I.      Background[1]

On April 1, 2023, Defendant traveled on Avianca S.A. airlines flight 42 from Rio Negro, Colombia to John F. Kennedy International Airport ("JFK Airport") in Queens, New York. Complaint ("Compl.") ¶ 2; Warrant Aff. ¶ 8; Mot. at 2; Opp'n at 2.  Defendant was traveling with the Backpack and other luggage.  Compl. ¶ 3; Warrant Aff. ¶ 9; Opp'n at 2.  At the time of his arrival in the United States, Customs and Border Protection ("CBP") officers selected Defendant for a secondary border enforcement inspection ("secondary inspection") before admitting him into the United States.  Compl. ¶ 3; Mot. at 2; Opp'n at 2.  During the secondary inspection, CBP officers searched the Backpack and observed two plastic bags concealed in the lining that contained: (1) 70.18 grams of a pink, rocky substance, which a field test revealed contained methamphetamine; and (2) 112.90 grams of a white, powdery substance, which a field test revealed contained norephedrine hydrochloride[2] (collectively, the "Controlled Substances").  Compl. ¶¶ 3–6; Warrant Aff. ¶¶ 9–10; HSI Report at 2; Opp'n at 2.  The Backpack also contained small plastic bags and a scale.  Compl. ¶ 7; Warrant Aff. ¶ 9; Opp'n at 2.  After CBP discovered these items, HSI agents came to the room where Defendant was waiting.  Warrant Aff. ¶ 12; HSI Report at 2; Opp'n at 2–3.  Agents advised Defendant of his *Miranda* rights, which Defendant stated he understood, and Defendant agreed to speak with investigators after signing a *Miranda* rights waiver form.  Compl. ¶ 8; Warrant Aff. ¶ 11; HSI Report at 2; Opp'n at 3.

During the interview, Defendant provided shifting explanations for his possession of the

---

[1] The facts set forth below are taken from the complaint and the parties' submissions in connection with this motion and are not in dispute.  Dkt. Entry Nos. 1, 33, 35, 37, 39.  Moreover, as discussed more fully below, Defendant failed to file an affidavit with averred facts in support of his suppression motion as required under Second Circuit case law to establish standing to contest the seizure.  *United States v. Loera*, 333 F. Supp.3d 172, 179 (E.D.N.Y. 2018), *aff'd sub nom.*, *United States v. Guzman Loera*, 24 F.4th 144 (2d Cir. 2022).  Accordingly, the Court finds that a hearing is not necessary to resolve the motion.

[2] Following the field tests, the Controlled Substances were submitted to the New York City Police Department for further testing, which determined that the white powder contained 4-Bromo-2,5-DMA and DL-Norephedrine.  Opp'n at 5 n. 3.

2

Controlled Substances.  Defendant initially stated that his friend ("Coconspirator 1") asked him to bring the Backpack to her apartment and told him that it contained a brand of birth control that she was unable to obtain in New York.  HSI Report at 2; Opp'n at 3.  Defendant then admitted that this was a lie, and, in fact, he understood that there was "something bad" concealed in the Backpack because he felt a "crunchy lump" in the lining while in Colombia.  HSI Report at 2; Opp'n at 3.

Defendant then consented to a search of the Cell Phone and repeatedly helped the investigators unlock it.  HSI Report at 2; Opp'n at 3; Warrant Aff. ¶ 12 & n. 2.  HSI agents conducted a manual review of the Cell Phone, which revealed photographs of clear bags containing a pink substance, photographs of what appeared to show the manufacture of methamphetamine, and messages that appeared to discuss the sale of controlled substances.  Warrant Aff. ¶ 12; HSI Report at 2–3; Opp'n at 3.  After agents discovered this evidence, Defendant admitted that he had lied again, and, in fact, he helps Coconspirator 1's boyfriend ("Coconspirator 2") sell drugs.  HSI Report at 3; Compl. ¶ 8; Warrant Aff. ¶¶ 11–12; Opp'n at 3–4.  Defendant subsequently was placed under arrest.  Compl. ¶ 9; Opp'n at 4.

As a result of these findings, the Government applied for a search warrant for the Cell Phone.  *See*, Warrant Aff.  On April 10, 2023, then United States Magistrate Judge Ramon E. Reyes, Jr. of this Court issued a search warrant authorizing the forensic examination of the Cell Phone's contents.  Opp'n at 4.

## II.    The Motion

Defendant, through counsel, seeks suppression of the "fruits of any information" obtained from the search of Defendant at JFK Airport, contending that the search of the Backpack was unlawfully intrusive because CBP had "no reason . . . to open and inspect defendant's bag" and "[t]he illegal secondary screening led to a search of defendant's cell phone."  Notice of Motion

3

and Mot. at 4. Notably, the motion makes no mention of the statements made by Defendant to law enforcement prior to his arrest, nor does it challenge Defendant's consent to the search of the Cell Phone. While the relief sought by Defendant is vague, the Court interprets his request as a motion to suppress evidence obtained from the Backpack and Cell Phone on the ground that the secondary inspection violated the Fourth Amendment. Notably, Defendant did not submit a sworn affidavit in support of his motion.

The Government counters that: (1) Defendant lacks standing to suppress evidence obtained from the searches because he failed to submit an affidavit establishing that he had a personal privacy interest in the items searched; (2) the search of the Backpack was lawful pursuant to the border search exception to the Fourth Amendment's warrant requirement; and (3) the search of the Cell Phone was lawful pursuant to the border search exception, and, in any event, Defendant consented to the search and the Government obtained a lawful warrant to examine the Cell Phone. Opp'n at 6–10.

### A. Standing

As an initial matter, Defendant's motion to suppress is denied without a hearing because he failed to submit an affidavit in support of the motion and, as such, has failed to establish standing to challenge the searches. "Fourth Amendment rights are personal rights[,] which . . . may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978); *See also*, *United States v. Shkreli*, 2017 WL 3608252, at *3 (E.D.N.Y. May 16, 2017). Thus, to establish standing in the Fourth Amendment context, the defendant or someone with personal knowledge must submit sworn evidence "demonstrating sufficient facts to show that he had a legally cognizable privacy interest" in the property searched or seized. *United States v. Nordlicht*, 2018 WL 705548, at *3 (E.D.N.Y. Feb. 2, 2018) (quoting *United States v. Ruggiero*, 824 F. Supp. 379, 391 (S.D.N.Y.

1993), *aff'd sub nom.*, *United States v. Aulicino*, 44 F.3d 1102 (2d Cir. 1995)); *United States v. Loera*, 333 F. Supp.3d 172, 179 (E.D.N.Y. 2018), *aff'd sub nom.*, *United States v. Guzman Loera*, 24 F.4th 144 (2d Cir. 2022) (defendant's burden "is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge" (citation omitted)). Courts in this circuit "repeatedly" have denied motions to suppress without a hearing "where defendants have failed to provide affidavits alleging facts based on personal knowledge." *United States v. Perryman*, 2013 WL 4039374, at *6 (E.D.N.Y. Aug. 7, 2013) (collecting cases); *United States v. Singh*, 2012 WL 2501032, at *2 (E.D.N.Y. June 27, 2012) (Irizarry, J.); *United States v. Larranga Lopez*, 2006 WL 1307963, at *3 (E.D.N.Y. May 11, 2006).

Defendant failed to file any affidavit in support of his motion despite the Court's repeated admonition that one was required. *See*, Mar. 20, 2024 Minute Entry ("[I]f [Defense Counsel] will be alleging constitutional violations, he must provide an affidavit from his client or the motion will not be considered by the Court."); Aug. 1, 2024 Minute Entry ("Defendant's motion submission must contain proper affirmation as stated on the record by the Court."). Defense Counsel, who entered this case shortly before the deadline to file this motion, should have familiarized himself with the Court's Orders or requested additional time to do so.

Rather than comply with the Court's Orders, Defendant simply adopted the criminal complaint's recitation of the facts. *See*, Mot. at 2. However, a "defendant's unsworn assertion of the Government's representations does not meet [the] burden" to establish standing. *Loera*, 333 F. Supp.3d at 179 (citing *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995)). Similarly, the fact that the Government intends to prove that the property belongs to Defendant does not establish standing. *See*, *United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005) ("[D]efendant could not challenge the search of a residence merely because he anticipated

that the Government will link the objects recovered in that search to defendant at trial."); *United States v. Tartaglione*, 2023 WL 2237903, at *10 (S.D.N.Y. Feb. 27, 2023) ("The Government's efforts to connect a defendant to the subject of a search do not suffice to establish standing."); *United States v. Filippi*, 2013 WL 208919, at *6 (S.D.N.Y. Jan. 16, 2013) (holding that "efforts made by the Government to link [the defendant] to [a] phone" are insufficient to establish standing to challenge a warrant to track the phone). Consequently, Defendant's motion to suppress is denied without a hearing.

### B. The Searches

Notwithstanding the denial of Defendant's motion due to his failure to establish standing, Defendant's motion also is denied because it lacks merit. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In most cases, warrantless searches are *per se* unreasonable. *See*, *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973). However, searches at the border are a long recognized exception to the Fourth Amendment's warrant requirement. *See*, *United States v. Ramsey*, 431 U.S. 606, 616 (1977); *Tabbaa v. Chertoff*, 509 F.3d 89, 97 (2d Cir. 2007). The border search doctrine provides that "[r]outine searches of the persons and effects of entrants are not subject to any requirement of reasonable suspicion, probable cause, or warrant." *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985). This exception to the Fourth Amendment arises out of the Government's "power to protect the Nation by stopping and examining persons entering this country," which makes the Amendment's reasonableness requirement "qualitatively different at the international border than in the interior." *Id.* "It is well established that the government has broad powers to conduct searches at the border even where . . . there is no reasonable suspicion that the prospective entrant has committed a crime." *Tabbaa*, 509

F.3d at 97–98 (collecting Supreme Court cases). International Airports such as JFK Airport are the "functional equivalent" to international borders for purposes of the border search doctrine. *See*, *United States v. Levy*, 803 F.3d 120, 122 (2d Cir. 2015); *Singh*, 2012 WL 2501032 at *3.

CBP's search of the Backpack plainly qualifies as a routine border search. Opp'n at 10–11. Defendant claims that "[t]here was no reason for CBP officers to open and inspect [the] bag," but no such reason was required. Mot. at 4. Defendant's assertion flatly ignores the border search doctrine, which permits "searches of outer clothing, luggage, a purse, wallet, pockets, or shoes" without a warrant or reasonable suspicion. *United States v. Irving*, 452 F.3d 110, 123 (2d Cir. 2006); *Singh*, 2012 WL 2501032 at *3 ("[T]he authorities' search of Defendant's suitcase in JFK upon entering the United States from abroad is plainly a routine border search."). Thus, Defendant's motion to suppress evidence obtained from the Backpack is denied because the search did not violate the Fourth Amendment.

The evidence from the Cell Phone also was obtained lawfully and is admissible. In *United States v. Tineo*, 2024 WL 2862289 (E.D.N.Y. June 6, 2024) (Irizarry, J.), this Court held that the border search exception permits warrantless searches of cell phones at the border, but suggested, without deciding the issue, that such searches require reasonable suspicion or a "nexus between the search of the cellular device and the goals of the border search exception." *Id.* at *5–7. Here, as in *Tineo*, the Court need not determine whether reasonable suspicion or a nexus to the border search exception's purposes are required, for clearly both standards were met.

As discussed above, agents lawfully conducted a secondary inspection of the Backpack upon Defendant's entry into the United States, and discovered the Controlled Substances, small plastic bags, and a scale. Compl. ¶¶ 3–5, 7; Warrant Aff. ¶¶ 9–10; Opp'n at 2. The discovery of these items alone was more than sufficient to establish reasonable suspicion to believe that

7

Defendant was engaged in activity related to the importation of and intent to distribute controlled substances, and a conspiracy related thereto.

Moreover, Defendant's contention that "[t]he illegal secondary screening led to a search of defendant's cell phone" lacks merit as the secondary inspection was lawful pursuant to the border search exception. Mot. at 4. Defendant's conflicting and incriminating statements made during his interview by HSI agents further raised the level of reasonable suspicion that a crime was being committed at the border and would be committed within the United States. Accordingly, the search of the Cell Phone was lawful, and its contents are admissible pursuant to the border search exception. This conclusion is bolstered by the undisputed facts that: (1) Defendant knowingly and voluntarily consented to the search of the Cell Phone and repeatedly voluntarily helped the investigators unlock it; and (2) the Government obtained a lawful search warrant to examine its contents, and, in any event, law enforcement agents were entitled to rely on the warrant in good faith. *See*, Warrant Aff. ¶ 12 & n. 2; Opp'n at 3–4; *United States v. Jones*, 43 F.4th 94, 111 (2d Cir. 2022); *United States v. Dumas*, 2022 WL 678910, at *3 (2d Cir. Mar. 8, 2022) (summary order) (good faith exception applies where there is no "'deliberate, reckless, or grossly negligent conduct' or 'recurring or systemic negligence' that the exclusionary rule is meant to deter" (quoting *Herring v. United States*, 555 U.S. 135, 144 (2009)).

### III. Conclusion

For the foregoing reasons, Defendant's motion to suppress is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       November 13, 2024

/s/
DORA L. IRIZARRY
United States District Judge

8